| | |
|---|---|
| BRITTANY BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KNOX COUNTY, TENNESSEE, a ) | Case No. _____ |
| Political Subdivision of the State of ) | |
| Tennessee; ) | JURY DEMANDED |
| ) | |
| JILL HERMAN, Individually and in her ) | |
| Official Capacity; ) | |
| ) | |
| CHARLES TALLANT, Individually and ) | |
| in his Official Capacity; ) | |
| ) | |
| MICHAEL MCCLAIN; Individually and ) | |
| in his Official Capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes the Plaintiff, Brittany Butler, and for cause of action against the Defendants would show as follows:

### I. INTRODUCTION

1. This is an action for damages arising under the Constitution of the United States and the laws of the State of Tennessee. Defendants violated the rights of Brittany Butler that were secured to her by the Fourth and Fourteenth Amendment to the United States Constitution. In attempting to place Ms. Butler under arrest, the Defendants used excessive force in their objectively unreasonable decision to use a police dog to bite and restrain Ms. Butler. Further,

these defendants allowed the police dog to remain biting and inflicting extreme pain on Ms. Butler for nearly one minute despite having her under control in less than ten (10) seconds. Defendants' conduct caused Ms. Butler to suffer severe and significant physical pain and permanent injuries. This conduct by the defendants shocks the conscience and is not tolerated by a civilized society.

## II. PARTIES

2. Plaintiff Brittany Butler is a citizen and resident of Knox County, Tennessee and resides at 446 Tammy Drive, Apt. 10, Powell, Tennessee 37849

3. Defendant Knox County, Tennessee is a governmental entity created and existing in the State of Tennessee and can be served through its agent for service of process: Glenn Jacobs, County Mayor, City County Building, Suite 615, 400 Main Street, Knoxville, TN 37902

4. Defendant Jill Herman is a citizen and resident of Knox County, Tennessee. At all times material, Defendant Herman was employed and/or serving as a K-9 Officer with the Knox County Sheriff's Office and was acting under the color of state law. Officer Herman is being sued both in her individual capacity and in her official capacity. Officer Herman can be served with service of process through the Knox County Sheriff's Office and accepted by Tom Spangler, Sheriff of Knox County.

5. Defendant Charles Tallant is a citizen and resident of Knox County, Tennessee. At all times material, Defendant Tallant was employed and/or serving as an Officer with the Knox County Sheriff's Office and was acting under the color of state law. Officer Tallant is being sued both in his individual capacity and in his official capacity. Officer Tallant can be served with service of process through the Knox County Sheriff's Office and accepted by Tom Spangler, Sheriff of Knox County.

6. Defendant Michael McClain is a citizen and resident of Knox County, Tennessee. At all times material, Officer McClain was employed and/or serving as an Officer with the Knox County Sheriff's Office and was acting under the color of state law. Officer McClain is being sued both in his individual capacity and in his official capacity. Officer McClain can be served with service of process through the Knox County Sheriff's Office and accepted by Tom Spangler, Sheriff of Knox County.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

8. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C. § 1391(b)(1) (the district in which any defendant resides) and/or 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## IV. STATEMENT OF FACTS

11. On May 5, 2024, at approximately 1:06 p.m., Defendant Officer Charles Tallant (hereinafter referred to as "Officer Tallant") with the Knox County Sheriff's Office responded to a call regarding an altercation involving Plaintiff Brittany Butler and her boyfriend.

12. When Officer Tallant arrived at the Ingles gas station on E. Emory Road, Plaintiff Butler drove away.

13. Officer Tallant briefly pursued Plaintiff Butler's vehicle to the intersection of E. Emory Road and Dannaher Drive. This was a low-speed pursuit with the plaintiff driving around

the speed limit and reaching the intersection within a short period of time.

14. During this low-speed pursuit, the plaintiff did not recognize or comprehend that she was actually being pursued by the police.

15. As Plaintiff Butler was attempting to make a left turn at the intersection, Defendant Officer Michael McClain (hereinafter referred to as "Officer McClain") drove his patrol vehicle from the opposite direction of E. Emory Road and drove into the path of Plaintiff Butler's vehicle, causing a minor collision, and prevented her from moving her vehicle.

16. After Plaintiff Butler's vehicle was stopped, Officers Tallant and McClain ordered the plaintiff to get out of her vehicle.

17. As the officers were ordering Plaintiff Butler to exit the vehicle, K-9 Officer Jill Herman (hereinafter referred to as "Officer Herman") approached the driver's side of Plaintiff Butler's vehicle with her police dog named "Aresz".

18. Officer Tallant used a flashlight to break Plaintiff Butler's driver's side window.

19. After breaking the window, Officers Tallant and Herman saw that Ms. Butler had nothing in her left hand and an aerosol can in her right hand.

20. Officers Tallant and Herman saw that Plaintiff Butler was laughing, and clearly impaired by intoxicating substances, including aerosol.

21. Officer Tallant then opened the driver's side door, again showing that the plaintiff only had an aerosol can in her right hand.

22. At this time, the plaintiff was smiling and laughing, and showed no signs of aggressive or resistant behavior. Officers Tallant, Herman and McClain could have simply pulled the plaintiff from her vehicle and arrested her.

23. Instead of pulling the plaintiff out of her vehicle, Officer Herman threatened to sic

the police dog on the plaintiff if she did not exit the vehicle.

24. In response to Officer Herman's threats, the plaintiff continued to laugh and smile at the officers.

25. The plaintiff extended her empty left hand out of her vehicle and towards the police dog as if wanting to pet it.

26. Officer Herman shouted "get out or you're going to get dog bit!"

27. As the officers were shouting at the plaintiff to exit her vehicle, the plaintiff was clearly intoxicated and not comprehending any of the officers commands.

28. After a final warning, Officer Herman ordered the police dog to attack.

29. At no time prior to Officer Herman's order for the police dog to attack did the plaintiff show any signs of aggressive, combative or resistant behavior.

30. Prior to Officer Herman's order for the police dog to attack, the plaintiff's driver's side door was open for approximately thirteen seconds, during which time the officers could have physically pulled the plaintiff out of her vehicle.

31. At no time prior to Officer Herman ordering the police dog to attack did Officers Tallant or McClain attempt to stop Officer Herman from ordering the police dog to attack the plaintiff.

32. At the command of Officer Herman, the police dog violently bit the plaintiff's left arm, dragged her to the ground and viciously thrashed the plaintiff's left arm back and forth.

33. The dog's bite caused the plaintiff's left arm to tear and bleed profusely.

34. Officers had firm control of the plaintiff within eight (8) seconds of the dog bite, in that Officer Tallant was holding the plaintiff's right arm behind her back and the police dog was biting the plaintiff's left arm.

35. As the plaintiff was laying on the ground, she did not resist the officers or show any signs of non-compliance.

36. After taking control of the plaintiff, the officers made no efforts to remove the dog from the plaintiff's arm.

37. Officers Tallant and McClain handcuffed the plaintiff's right wrist within twenty-four (24) seconds of the dog bite.

38. For the next thirty-two (32) seconds, the plaintiff screamed in agony and begged the officers to remove the dog from her left arm.

39. For these thirty-two (32) seconds, Officer Herman made no effort to order the police dog to remove its hold from the plaintiff's left arm.

40. During these thirty-two (32) seconds, Officers Tallant and McClain made no effort to interfere or instruct Officer Herman to remove the police dog from the plaintiff's arm.

41. Finally, fifty-six (56) seconds after the attack began, Officer Herman ordered the police dog to release the plaintiff's arm.

42. Immediately upon the order of Officer Herman, the police dog released the plaintiff's arm.

43. Following her arrest, the plaintiff was transported by paramedics to the University of Tennessee Medical Center where medical personnel treated the deep lacerations to her left arm.

44. At present, the plaintiff has permanent scars to her left arm, and she continues to experience pain and discomfort as a result of the dog bite.

## IV. CAUSES OF ACTION

### A. 42 U.S.C. § 1983
### Fourth Amendment Violation – Excessive Force and Failure to Intervene.

## Individual Liability – Officer Jill Herman - Excessive force in using the police dog and the duration of the dog bite.

45. Plaintiff re-alleges Paragraphs 1- 44 of this Complaint as if fully set forth herein.

46. A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the Unites States of America.

47. The Fourth Amendment prohibits arresting and investigating officers from using excessive force. See *Smoak v. Hall,* 460 F.3d 768, 783 (6th Cir. 2006).

48. Excessive force under the Fourth Amendment is objectively unreasonable conduct that, given the facts and circumstances, would "shock the conscience" and amount to an arbitrary exercise of governmental power.

49. The gratuitus use of force against an arrestee also constitutes excessive force under the Fourth Amendment. See *Bultema v. Benzie Cnty.,* 146 F. App'x 28, 35 (6th Cir. 2005).

50. Use of a police dog during an arrest under the Fourth Amendment is analyzed by "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest or attempting to evade arrest by flight." See *Kostrzewa v. City of Troy,* 247 F.3d 633, 639 (6th Cir. 2001) (quoting *Graham v. Connor,* 490 U.S. 386, 396 (1989)).

51. The plaintiff was being pursued by the defendant officers for crimes that were not serious, as each charged offense was a misdeamnor under Tennessee law.

52. At the time when the decision was made by Officer Herman to use the police dog, the plaintiff did not pose an immediate threat to the safety of the officers or others as her vehicle was blocked and she was smiling and laughing at the officers.

53. At the time when the decision was made by Officer Herman to use the police dog,

the plaintiff was not attempting to evade arrest or flee as her vehicle was blocked by Officer McClain's vehicle.

54. Officers Herman, Tallant and McClain had time to recognize that the plaintiff was not a threat nor attempting to flee as thirteen seconds elapsed from the time that the driver's side door was opened to the time of Officer Herman ordering the police dog to attack.

55. Officer Herman acted negligently and recklessly in ordering her police dog to attack the plaintiff.

56. Officer Herman acted negligently and recklessly in allowing her police dog to continue biting the plaintiff's arm and inflicting excruciating pain for over thirty (30) seconds after Officers Tallant and McClain had handcuffed the plaintiff's other arm.

57. Officer Herman knew that the plaintiff did not pose a risk to the public and that the plaintiff was not attempting to flee the scene or resist arrest prior to using the police dog to attack the plaintiff.

58. Officer Herman was deliberately indifferent to the requirements of the Fourth Amendment in ordering her police dog to attack the plaintiff.

59. The plaintiff's demeanor and behavior allowed the defendant officers to simply pull the plaintiff out of the vehicle without the need or justification to use the police dog.

60. Officer Herman was deliberately indifferent to the requirements of the Fourth Amendment in allowing her police dog to continue biting the plaintiff's arm and inflicting excruciating pain for over thirty (30) seconds after Officers Tallant and McClain had handcuffed the plaintiff's other arm.

61. Any reasonable observer, given the facts and circumstances of this incident, would come to the unavoidable conclusion that Officer Herman's conduct was objectively unreasonable

so as to be unacceptable in a civilized society and shocking to the conscience. On any objective scale, the actions and conduct of Officer Herman constitute an arbitrary and capricious exercise of governmental power and constitute excessive force in violation of the Fourth Amendment.

62. As a result of Officer Herman's deliberate indifference to the plaintiff's right to be secure from excessive force, the plaintiff suffered severe physical, mental and emotional injuries.

63. Plaintiff therefore sues Officer Jill Herman for the deliberate indifference to and violation of her rights under the Fourth Amendment. Plaintiff seeks the following relief:

   a. Economic damages for the cost of past and future medical care, and non-economic damages for pain and suffering, mental and emotional anguish, disfigurement, permanent impairment, and loss of enjoyment of life;

   b. Punitive damages; and

   c. Attorney's fees pursuant to 42 U.S.C. § 1988.

## Individual Liability – Officer Charles Tallant and Officer Michael McClain – Failure to Intervene

64. Plaintiff re-alleges Paragraphs 1- 63 of this Complaint as if fully set forth herein.

65. Officers Tallant and McClain observed the excessive force being used by Officer Herman and had the ability to prevent the use of the police dog.

66. Officers Tallant and McClain also had the ability to order Officer Herman to order the police dog to release the plaintiff's arm.

67. Officers Tallant and McClain also had sufficient time to observe the plaintiff and order Officer Herman to back down as thirteen seconds passed before Officer Herman ordered the police dog to attack the plaintiff.

68. After the dog bite was inititiated, Officers Tallant and McClain had sufficient time to perceive what was happening and intercede to stop it.

69. The dog bite lasted for fifty-six (56) seconds, and thirty-two (32) seconds passed after Officers Tallant and McClain had already handcuffed the plaintiff's other arm.

70. At no time either before or after the use of the dog did either Officers Tallant or McClain attempt to intervene or stop Officer Herman's use of the police dog.

71. At no time during the fifty-six (56) seconds that the dog was biting the plaintiff's arm, even though this occurred directly in front of these officers, did Officers Tallant and McClain ever attempt to intervene to stop the use of excessive force by Officer Herman.

72. As a result of Officers Tallant and McClain's deliberate indifference to the plaintiff's right to be secure from excessive force, the plaintiff suffered severe physical, mental and emotional injuries.

73. Plaintiff therefore sues Officer Charles Tallant and Officer Michael McClain for the deliberate indifference to and violation of her rights under the Fourth Amendment. Plaintiff seeks the following relief:

   a. Economic damages for the cost of past and future medical care, and non-economic damages for pain and suffering, mental and emotional anguish, disfigurement, permanent impairment, and loss of enjoyment of life;

   b. Punitive damages; and

   c. Attorney's fees pursuant to 42 U.S.C. § 1988.

## Municipal Liability

74. Plaintiff hereby incorporates paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75. The Due Process Clause of the Fourteenth Amendment prohibits Defendant Knox County, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the citizen to recover her damages in a suit against the municipality.

76. The conduct by Officer Herman in using the police dog immediately to subdue the plaintiff without any attempt to physically apprehend her, is proof that this was a custom and practice of the Knox County Sheriff's Office.

77. Officers Tallant and McClain's failure to make any attempts to interfere with Officer Herman's use of the police dog either prior to the attack or during the attack is proof that this was a custom and practice of the Knox County Sheriff's Office.

78. Upon information and belief, Knox County is liable to the plaintiff pursuant to 42 U.S.C. § 1983 based on its history of prior incidences where its officers negligently and/or reckless use of police dogs. This history of similar incidences constitutes a custom thereby rendering the county liable.

79. Upon information and belief, Knox County negligently and/or recklessly failed to adequately train its officers on the requirements of the Fourth Amendment in the use of police dogs.

80. Upon information and belief, Knox County has negligently and/or recklessly failed to adequately train its officers who observe other officers engaging in excessive force as to their duty to intervene.

81. In this case, Officer Herman's negligent and/or reckless use of the police dog evidences a negligent and reckless lack of training in proper procedures and methods related to the proper use of a police dog under the Fourth Amendment.

82. The failure of supervisor officers and officials, including the Sheriff, constitute ratification undersection 1983 precedent, and likewise render Knox County liable to the plaintiff.

83. Knox County is liable to the plaintiff because its customs, policies, and procedures were the proximate cause of the individual officers' deliberate indifference to the plaintiff's constitutional right against the use of excessive force.

84. Plaintiff therefore sues Knox County and seeks the following relief:

   a. Economic damages for the cost of past and future medical care, Non-economic damages for pain and suffering, mental and emotional anguish, and embarrassment; and

   b. Attorney's fees pursuant to 42 U.S.C. § 1988.

### B. Tenn. Code Ann. § 29-20-202 et seq. Tennessee Governmental Tort Liability Act – Negligence

85. Plaintiff hereby incorporates paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. Knox County was at all times hereto responsible for the training and supervision of its officers, its employees and/or agents.

87. Pursuant to the Tennessee Governmental Tort Liability Act, the Defendants owed the plaintiff a duty of care to be free from illegal actions that would cause physical and mental pain and suffering.

88. These Defendants breached the duty of care as set forth herein and are therefore liable to the plaintiff pursuant to the Act.

89. Plaintiff sues these Defendants under the Act for all the reasons previously set forth herein, which are causally related to her injuries, and seeks money damages in the maximum amount allowed pursuant to the Tennessee Governmental Tort Liability Act.

### C. Assault - Officer Jill Herman

90. Plaintiff hereby incorporates paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. Pursuant to *Tenn. Code Ann.* § 39-13-101, a person commits an assault when they Intentionally, knowingly, or recklessly causes bodily injury to another.

92. Officer Jill Herman assaulted the plaintiff by her reckless use of the police dog to attack and subdue the plaintiff, which caused serious physical and mental injuries.

93. Additionally, Officer Herman assaulted the plaintiff in her gratuitous use of the police dog in allowing the police dog to continue biting the plaintiff for a significantly longer period of time after Officers Tallant and McClain had secured the plaintiff's other arm.

94. Plaintiff sues these Defendants for all the reasons previously set forth herein, which are causally related to her injuries, and seeks money damages in an amount to be set by the jury.

### D. Intentional, Reckless, and/or Negligent Infliction of Emotional Distress Claim Against Officers Herman, Tallant and McClain

95. Plaintiff hereby incorporates paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96. As described above, the conduct of Defendants Herman, Tallant and McClain was outrageous in the use of the police dog, and the failure to intervene to prevent or stop the excessive use of force.

97. Defendants recklessly, negligently and/or intentionally inflicted emotional distress upon the plaintiff when engaging in this conduct, and/or knew that there was a high probability that such conduct would result in such distress.

98. Defendants' negligent, reckless and/or intentional conduct caused the plaintiff to suffer severe physical, mental and emotional distress that no reasonable person should endure.

99. Plaintiff sues these Defendants for all the reasons previously set forth herein, which are causally related to her injuries, and seeks money damages in an amount to be set by the jury.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brittany Butler respectfully requests this Honorable Court grant relief as follows:

    a. Issue process, requiring the Defendants to answer this Complaint;

    b. Empanel a jury to try this cause;

    c. Award compensatory damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $1,000,000.00;

    d. Award compensatory damages against all Defendants in the maximum amount allowed under the Tennessee Governmental Tort Liability Act;

    e. Award punitive damages against all Defendants, except for Knox County, Tennessee, pursuant to the claims brought pursuant to 42 U.S.C. § 1983 in the amount of $1,000,000.00;

    f. Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988;

    g. Award costs of this action including discretionary costs; and

    h. Award any other or further relief to which he may be entitled.

Respectfully submitted this 1st day of May, 2025.

/s/ Thomas J. Smith
Thomas J. Smith, BPR #35331
Jesse J. Campbell, BPR #36405
Marcos M. Garza, BPR #021483
Timothy L. Baldridge, BPR #015777
Jason E. Legg, BPR #018765
Philip La Nasa, BPR #026148
Brent Morris, BPR #024621
**GARZA LAW FIRM, PLLC**
118 E. Watauga Ave.
Johnson City, TN 37601
Phone: (423) 282-1041
Fax: (865) 474-9397
Email: tsmith@garzalaw.com